**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| IDOWU O. OGHOGHO, | ) | CV 08-0226 LEW (JFM) |
| Appellant, | ) | **ORDER DISMISSING PLAINTIFF'S ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | ) | |
| IRS | ) | |
| Respondent. | ) | |

Currently before this Court is "Appellant" Oghogho's Complaint against "Respondent" Internal Revenue Service. Having considered all papers submitted in conjunction with this complaint, the **COURT NOW FINDS AND RULES AS FOLLOWS:**

On January 30, 2008, Oghogho filed the Complaint in this case. On February 12, 2008, this Court issued an Order to Show Cause Demonstrating Why This Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction. On March

1

7, 2008, Oghogho filed a response to the Order to Show Cause.

"It has long been held that a judge can dismiss sua sponte for lack of jurisdiction." <u>Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.</u>, 336 F.3d 982, 985 (9th Cir. 2003) (quoting <u>Cal. Diversified Promotions, Inc. v. Musick</u>, 505 F.2d 278, 280 (9th Cir. 1974)).

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting jurisdiction.  District courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Moreover, district courts also have jurisdiction over civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $ 75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  Here, there is no showing of diversity jurisdiction.

Appellant argues that this Court has jurisdiction to hear his complaint pursuant to 28 U.S.C. §§ 1396, 1345, 1340, and 1331.  None of these statutes confer subject

matter jurisdiction.

28 U.S.C. § 1396 pertains to venue, not jurisdiction.

28 U.S.C. § 1345 applies when the United States is a plaintiff, not when it is a defendant.

28 U.S.C. § 1340 does not create jurisdiction in and of itself.  The statute clearly states that the jurisdiction extends to "any civil action arising under any *Act of Congress providing for internal revenue*."  28 U.S.C. § 1340 (emphasis added).  Thus, Plaintiff's suit must be based on a cause of action recognized by the Internal Revenue Code.

The Internal Revenue Code prohibits suits to restrain the assessment or collection of any tax, except as provided in enumerated sections of the code.  26 U.S.C. § 7421. Plaintiff has not presented a statute in the Internal Revenue Code that grants him a right to sue the IRS.

28 U.S.C. § 1331 is a source of general subject matter jurisdiction.  However, § 1331 jurisdiction requires an alleged violation of federal law.

Moreover, as a government agency, the IRS enjoys the sovereign immunity of the United States.  Here, Plaintiff

3

has not presented a statute by which the IRS has waived its sovereign immunity.  Thus, there is no violation of federal law, and no § 1331 jurisdiction.

Because Plaintiff has failed to adequately show the Court's subject matter jurisdiction, the complaint is **DISMISSED without prejudice, with 20 days leave to amend.**

**IT IS SO ORDERED.**

/s/ John A. Mendez
Hon. John A. Mendez
United States District Judge

DATED: May 1, 2008